IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSEPH M. RIEGER,

        Plaintiff,                                          Case No.: 3:13-cv-402

  vs.

GENERAL DYNAMICS INFORMATION         Judge Walter H. Rice
TECHNOLOGY, INC.,                          Magistrate Judge Michael J. Newman

        Defendant.

**ORDER: (1) DENYING DEFENDANT'S MOTION TO STAY (DOC. 21); (2) DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 23); AND (3) DIRECTING THE CLERK OF COURTS TO RE-DOCKET PLAINTIFF'S MOTION "TO APOLOGIZE" (DOC. 24)**

        On February 25, 2014, the Court heard oral argument, by telephone, on two motions now pending in this *pro se* matter: *pro se* Plaintiff's motion to compel discovery (doc. 23); and Defendant's motion to stay (doc. 21).  Having fully considered the matters presented, and all opposition thereto, *see* docs. 22, 25, and having also heard the arguments of both sides, the Court finds both motions merit denial.

        Defendant's motion to stay concerns the two different, but related EEOC charges arguably at issue here: one for age discrimination; the other, for retaliation.  Defendant asks the Court to stay this case (proceeding now on only the age discrimination claim) while the EEOC investigates Plaintiff's retaliation charge.  Doc. 21 at PageID 65-66.  Defendant suggests the Court can then consider the merits of both claims once the EEOC, at some time in the future, issues *pro se* Plaintiff a right-to-sue letter with respect to his retaliation charge.  *Id.*  While the Court is sensitive to the cost concerns of litigation, and is also sensitive to avoiding duplicative discovery, the Court is also mindful that -- as Plaintiff noted during the February 25th oral argument -- he is considering filing an EEOC charge for retaliation (and has met with the EEOC for that purpose), but has yet to do so.  The Court is also concerned that, even if Plaintiff were to file the charge immediately, it may take many months for the EEOC to issue its right-to-sue

- 2 -

letter, during which time this case would be stayed with no action pending.  Accordingly, the motion for a stay is **DENIED**.

*Pro se* Plaintiff's motion to compel, upon further inspection, appears to be a discovery request directed to Defendant, not a request to order Defendant to produce discovery it has declined to produce.  For that reason, and also because Defendant noted that its discovery responses are not due to Plaintiff until March 19, 2014, Plaintiff's motion is **DENIED**.

Two other issues merit discussion at this time.

First, during the February 25th hearing, Plaintiff noted that Defendant's counsel had suggested certain discovery might not be produced in this case.  The Court makes no finding on that issue, but **ORDERS** that discovery in this case shall proceed -- in good faith, and pursuant to the Federal Rules of Civil Procedure -- as discovery occurs in all other cases, regardless of Plaintiff's *pro se* status.  *Accord Hendricks v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-cv-40, 2011 WL 3652423, at *10 (Aug. 18, 2011) (providing that a *pro se* party may pursue any discovery method permitted under the Federal Rules).  As the Court reminded *pro se* Plaintiff during the hearing, if discovery disputes arise, either side may contact Courtroom Deputy Connie Berry at (937) 512-1640 at any time prior to the Discovery Deadline in order to schedule an informal discovery conference.

Second, the Court notes Plaintiff has filed a motion "to apologize."  Doc. 24.  As Plaintiff explained during the February 25th hearing, this apology relates to his apparent misunderstanding as to how the discovery process operates in Federal Court.  As the motion does not seek relief, the Clerk shall **RE-DOCKET** the document as a "Notice to the Court," not a motion.  Accordingly, no ruling on this matter is necessary.

**IT IS SO ORDERED**.

February 28, 2014  s/ **Michael J. Newman**
United States Magistrate Judge